IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ALI MARTIN MATAR                                                           PETITIONER
ADC #087075

V.                          CASE NO. 5:18-cv-00262 DPM-JTK

WENDY KELLEY, *Director*,
Arkansas Department of Correction                                       RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### Instructions

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus (Doc. No. 2) filed by Ali Martin Matar, Petitioner, on October 17, 2018. For the reasons that follow, the undersigned recommends that the petition be dismissed with prejudice.

Facts and Procedural History

Petitioner worked at an after-school program for R.E. Baker Elementary School in Bentonville, Arkansas. The Bentonville Police Department ("BPD") began an investigation regarding the sexual abuse of a five-year-old child after a call was made to the Arkansas Child Abuse Hotline. The child was interviewed at the Children's Advocacy Center ("CAC") and implicated Petitioner. The Petitioner was informed of the allegations against

him, and he agreed to speak with the detective at the police station. When questioned about his interactions with the victim, Petitioner admitted that his fingers had been inside of her panties while they were in the computer lab, but he claimed he was attempting to make her stop touching herself in appropriately. Petitioner claims his fingertips "grazed" inside of her vagina when he was trying to get her fingers out of her panties. After this admission, the detective Mirandized the Petitioner and asked if he wanted to proceed, to which Petitioner stated "yes." Petitioner subsequently admitted that he put his hand in the victim's panties and "grazed" her vagina and that he also put his finger in her vagina "out of curiosity."

The Benton County prosecutor charged Petitioner with rape. After a trial held on January 27, 2015, a Benton County jury found Petitioner guilty and sentenced him to thirty-five (35) years in the Arkansas Department of Correction ("ADC"). (Doc. No. 11-2) The jury acquitted Petitioner of two additional charges of second-degree sexual assault against two other victims.

On appeal to the Arkansas Court of Appeals, Petitioner challenged the sufficiency of the evidence to convict him, the denial of his motion to suppress statements he made to the police, and the denial of his motion for a continuance. On May 4, 2016, the appellate court affirmed the Benton County Circuit Court. *See Matar v. State*, 2016 Ark. App. 243, 492 S.W.3d 106 (2016). (Doc. No. 11-5) The mandate issued on May 24, 2016. (Doc. No. 11-6)

On July 5, 2016, Petitioner filed a pro se petition and amended petition seeking post-conviction relief. (Doc. Nos. 11-7 and 11-8) The Benton County Circuit Court denied the petition on August 17, 2016. (Doc. No. 11-9) Petitioner filed a Notice of Appeal on October 14, 2016. (Doc. No. 11-10) He submitted a pro se motion for belated appeal and rule on clerk on May 30, 2017. (Doc. No. 11-11) The Arkansas Attorney General filed a response to that motion, arguing the court should deny the motion. (Doc. No. 11-12) On October 19, 2017, the Arkansas Supreme Court denied the motion. The court determined that Petitioner received the Benton County Circuit Court's order denying Rule 37 relief before the time to file a notice of appeal elapsed and did not establish good cause for not filing before the deadline. *See Matar v. State*, 2017 Ark. 278, 2017 WL 4683754 (Oct. 19, 2017). (Doc. Nos. 11-13 and 11-14)

Petitioner filed the instant federal habeas petition on October 17, 2018. (Doc. No. 2) In it, he claims: (1) trial counsel rendered ineffective assistance of counsel by failing to subpoena two persons to testify at his suppression hearing; (2) he was denied due process when the circuit court denied his motion to suppress when his confession was the result of coercion; and (3) he was denied due process because the evidence at trial was insufficient to sustain a rape conviction. *Id.* Respondent submitted her Response on December 7, 2018. (Doc. No. 11) Respondent admits that Petitioner is in her custody but denies he is entitled to any habeas relief. Instead, Respondent contends the petition is time barred and his claims are procedurally defaulted in any event. *Id.* Petitioner filed a Traverse on February 7, 2019.

(Doc. No. 14) Petitioner avers that he has been diligently pursuing his rights in court from 2015 to 2018. He claims most of his time was spent waiting for the court to mail him a decision on his motions, arguing he "does not have the luxury of spending countless hours preparing for the different possibilities of outcomes of his motions at the prison law library," and is unable to "anticipate his next action in court until he was delivered the decision of the last motion that he submitted." *Id.* at p. 11. As to Respondent's procedural default argument, Petitioner advances that *Martinez v. Ryan* applies because he "filed everything after his Direct Appeal *pro se*, therefore giving him a cause consisted [sic] of there being no counsel." *Id.* at p. 12.

## Discussion

### A. Timeliness

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for habeas relief within one year of the date the "judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When the prisoner is entitled to appeal his state conviction to the United States Supreme Court, the judgment of conviction becomes "final" when the Supreme Court "affirms [the] conviction on the merits or denies a petition for certiorari," *or*, if certiorari is not sought, when the time for filing such a petition expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

The Arkansas Court of Appeals affirmed Petitioner's conviction on May 4, 2016. Petitioner did not seek review in the Arkansas Supreme Court, but he had eighteen calendar days to do so. *See* Ark. Sup. Ct. R. 2-4(a)(a petition to review a decision of the court of appeals "must be filed within 18 calendar days from the date of the decision...."). When the last day for filing a petition for review "falls on a Saturday, Sunday, or legal holiday, the time for such action shall be extended to the next business day." *See* Ark. R. App. P.—Crim. R. 17. Eighteen days from May 4 was May 22. In 2016, May 22 fell on a Sunday; thus, the last day for Petitioner to seek review was May 23, 2016. The statute of limitations began to run, and Petitioner had until May 24, 2017, to file his federal habeas petition. He filed this petition on October 17, 2018, well after the statute of limitations had expired. Unless the undersigned determines there was statutory or equitable tolling, this petition is clearly untimely.

**1. Statutory Tolling**

The federal limitations period is statutorily tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the petition "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). Petitioner filed a Rule 37 petition on July 5, 2016, and it was denied on August 17, 2016; the limitations period continued to run until September 16, 2016, when his time to appeal expired

(73 days). *See* § 2244(d)(1)(A); Ark. R. App. P.—Crim. 2(a)(4). The limitations period continued to run until May 30, 2017, when Petitioner filed his motion for belated appeal to the Arkansas Supreme Court. The period was then tolled while the Arkansas Supreme Court considered the appeal, or until October 20, 2017, the day after the court issued its mandate denying relief (143 days). Another 362 days passed before Petitioner filed his federal habeas petition on October 17, 2018. Even excluding the tolled days while an application for post-conviction or other collateral review was pending, the petition is untimely.

**2. Equitable Tolling**

There is likewise no basis for equitable tolling. A federal habeas petitioner may be entitled to equitable tolling of the statute of limitations if he can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). Petitioner seeks to blame the mail system, claiming he mailed the petition on October 15, 2018, although filed on October 17. These dates are not an issue. The problem arose when Petitioner filed an out of time appeal of his Rule 37 petition. Petitioner received the benefit of tolling even while his motion for belated appeal and rule on clerk was pending. However, Petitioner does not gain the benefit of tolling when there was nothing pending before any Court, including May 23, 2016 to July 5, 2016; September 17, 2016 to May 30, 2017; and October 20, 2017 until October 15, 2017, if given the benefit of the date he avers he placed his federal habeas petition in the prison mailing system. Petitioner's delay appears to be a

result of his misunderstanding of the applicable rules. Generally, pro se status and the lack of knowledge do not warrant equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336-337 (2007). Accordingly, the Court finds that equitable tolling is unwarranted, and the current petition is time barred.

### B. Procedural Default

Petitioner's claims are also procedurally defaulted. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's

claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Under some circumstances, ineffective assistance of post-conviction counsel can provide cause to excuse procedural default. *See Trevino v. Thyler*, 569 U.S. 413 (2013); *Martinez v. Ryan*, 566 U.S. 1 (2012). To utilize this exception to overcome his procedural default, however, Petitioner must first demonstrate that his defaulted ineffective-assistance-of-counsel claims have "some merit." *Martinez*, 566 U.S. at 14. A procedural default does not bar a "substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 17. A "substantial claim" does not include claims that are without merit or "wholly without factual support." *Id.* at 16.

First, Petitioner never raised in state court the ineffective assistance of counsel claim he now presents in this federal habeas petition. The *Martinez/Trevino* exception does not provide Petitioner any relief here because, even if Petitioner could establish cause to excuse default, his claim would still fail because he can not demonstrate that it has any merit. Petitioner claims counsel was ineffective for failing to subpoena two witnesses to testify at his suppression hearing to explain how his statement was coerced. He claims the witnesses would have testified that, on May 11, 2014, they dismissed him from work until he was interrogated by the detective, which led him to involuntarily go to the police station where he was ultimately coerced into making a false statement. This proffered testimony only helps

to establish a time line of events leading up to the statement; it does not help Petitioner to prove that the statement given was false and coerced.

Second, Petitioner asserts for the first time here that his confession was coerced and that his due process rights had been violated in the process. Because Petitioner never presented this argument for one complete round of state review, it is likewise defaulted.

Third and finally, Petitioner challenges the sufficiency of the evidence used to convict him. While the claim was raised on direct appeal, the state appellate court declined to reach the merits of the issue because Petitioner failed to raise the argument to the trial court. Therefore, the argument is also procedurally defaulted. *See House v. Bell*, 547 U.S. 518, 521 (2006) ("Out of respect for the finality of state-court judgments federal habeas courts, as a general rule, are closed to claims that state courts would consider defaulted.").

## Conclusion

For the foregoing reasons, IT IS THEREFORE RECOMMENDED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be DISMISSED WITH PREJUDICE and that the relief prayed for be DENIED.

IT IS FURTHER RECOMMENDED that the Court not issue a certificate of appealability because Russell has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 24th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE